J-S66019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                            :              PENNSYLVANIA
                                            :

                 v.                                   :
                                            :
                                            :

CLARENCE ROHADES                   :
                                            :

           Appellant                :        No. 300 EDA 2019

Appeal from the PCRA Order Entered December 31, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0406261-2004,
CP-51-CR-0406311-2004, CP-51-CR-0406331-2004

BEFORE: STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:             **FILED OCTOBER 27, 2020**

Appellant Clarence Rohades appeals *pro se* from the order dismissing

his first Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petition

without a hearing.  For the reasons herein, we are constrained to again vacate

and remand for further proceedings because the PCRA court did not comply

with this Court's prior mandate ordering findings of fact and conclusions of law

addressing Appellant's Pa.R.Crim.P. 600 claim.

We state the facts as set forth in this Court's prior remand decision:

> On March 2, 2004, Appellant was arrested and charged with
> offenses stemming from the robberies of several different
> businesses in Philadelphia.[1]  Appellant's cases did not proceed to

---

[1] All three of the above-captioned dockets reflect the Commonwealth's motion
to consolidate.  The certified records transmitted to this Court were
incomplete, but the trial court apparently granted the Commonwealth's

a jury trial until July 2008. Following trial, the jury convicted Appellant of three counts of robbery, three counts of possessing instruments of crime and one count of simple assault. Additionally, the trial court convicted Appellant of three violations of the Uniform Firearms Act. The trial court sentenced Appellant to an aggregate term of 77 ½ to 155 years' imprisonment. A panel of this Court affirmed his judgment of sentence and our Supreme Court denied his subsequent petition for *allocatur*.

On November 17, 2011, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel who later filed an amended petition. The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing, and ultimately dismissed the petition.

***Commonwealth v. Rohades***, 2018 WL 3748675, *1 (Pa. Super. filed Aug. 8, 2018) (unpublished mem.) (***Rohades I***).

The ***Rohades I*** Court vacated and remanded for an evidentiary hearing based on the following:

Here, based upon our review of the record, we are unable to determine whether Appellant's Rule 600 motion would have been meritorious. While the PCRA court concludes in its opinion that the Rule 600 motion is baseless, it fails to undertake any analysis of which party occasioned the repeated delays in this case. Our independent review of the docket also fails to illuminate this issue. For instance, the docket indicates many of the delays, but without reference to which party requested them. Therefore, we lack the necessary information to determine if a Rule 600 motion would have been successful.

***Id.*** at *2. The ***Rohades I*** Court therefore was "constrained to vacate the PCRA court's order and remand this case to the PCRA court to conduct an

_____

motion. The Commonwealth's appellate brief also notes that Appellant's cases were consolidated for trial. Commonwealth's Brief at 8.

- 2 -

evidentiary hearing." *Id.* This Court specifically ordered "the PCRA court to review the docket entries in conjunction with the evidentiary hearing to determine whether Appellant, the Commonwealth, or the court occasioned the repeated delays. The PCRA court shall then render the necessary findings of fact and conclusions of law with respect to" Appellant's Rule 600 claim. *Id.*

According to the record, the PCRA court held an evidentiary hearing on December 4, 2018. Following the hearing, Appellant's then-PCRA counsel, J. Matthew Wolfe, Esq., filed a motion to withdraw and a *Turner/Finley*[2] letter on December 10, 2018. Attorney Wolfe reasoned that after reviewing the record, including the previously-unavailable quarter sessions file, Appellant's Rule 600 claim lacked merit. *Turner/Finley* Ltr., 12/10/18, at 2. The PCRA court issued a Pa.R.Crim.P. 907 notice on December 10, 2018, which stated that Appellant's issues lacked merit and that Attorney Wolfe also determined that Appellant's issues lacked merit.

On December 31, 2018, the PCRA court dismissed Appellant's PCRA petition for lack of merit. Order, 12/31/18. The order listed all three docket numbers and was docketed at all three cases. The order did not inform Appellant of his right to appeal, the time period within which he had to file a notice of appeal, or the need to file separate notices of appeal. Also, the

_____

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

records transmitted to this Court do not include any orders granting Attorney Wolfe's motion to withdraw. Critically, the records do not reflect that the PCRA court issued findings of fact and conclusions of law per the mandate of the **Rohades I** Court.

On January 18, 2019, *pro se* Appellant filed a timely notice of appeal listing all three above-captioned docket numbers. All three dockets and records reflect and include Appellant's notice of appeal.[3] The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b), and did not prepare a Rule 1925(a) opinion.[4]

On August 7, 2019, this Court issued a rule to show cause as to why we should not quash Appellant's appeal under **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).[5] Appellant filed a *pro se* response stating that he did not file additional notices of appeal because he was unaware of **Walker**.

---

[3] As we explain below, Appellant stated that he did not file multiple notices of appeal.

[4] We note that Appellant filed a motion for transcript of, among other things, the December 4, 2018 PCRA evidentiary hearing. Mot. for Transcripts, 2/27/19. The record transmitted to this Court did not include a transcript of that evidentiary hearing. Upon informal inquiry with the PCRA court, we were advised that the hearing was not transcribed.

[5] In **Walker**, our Supreme Court held that "where one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. Failure to do so, requires the appellate court to quash the appeal." **Commonwealth v. Johnson**, ___ A.3d ___, ___, 2020 WL 3869723, *3 (Pa. Super. 2020) (*en banc*) (citations omitted and formatting altered).

Appellant's Resp. to Rule to Show Cause, 8/21/19. Appellant, however, argued that his charges were consolidated and resulted in one trial, unlike **Walker**, which involved multiple defendants. **Id.** This Court discharged its rule to show cause and referred the issue to this panel.

We decline to quash because the record does not reflect that the PCRA court advised Appellant of his right to appeal and the time limits within which he must file his notice of appeal. **See** Pa.R.Crim.P. 908(E); **see generally Commonwealth v. Larkin**, ____ A.3d ____, ____, 2020 WL 3869710, *2 n.2, *3 (Pa. Super. 2020) (*en banc*) (stating, "we may overlook the requirements of **Walker** where, as here, a breakdown occurs in the court system, and a defendant is" not informed of his appellate rights"). **Cf. Commonwealth v. Patterson**, 940 A.2d 493, 499 (Pa. Super. 2007) (refusing to quash because the trial court did not comply with Pa.R.Crim.P. 720 and notify the defendant that "he had to file an appeal within thirty days of the imposition of sentence").

Appellant raises one issue: "Whether the court erred by denying Appellant's PCRA petition alleging counsel's ineffectiveness for failing to move for a dismissal before trial due to a Rule 600 violation; where the record supports arguable merit for this claim." Appellant's Brief at 4.

We need not summarize Appellant's argument because the PCRA court did not comply with our explicit mandate to render findings of fact and conclusions of law regarding Appellant's Rule 600 claim. While we acknowledge that Attorney Wolfe filed a **Turner/Finley** letter asserting that

Appellant's Rule 600 claim lacked merit, the fact remains that the **Rohades I** Court had ordered the PCRA court to make findings of fact and conclusions of law addressing the Rule 600 claim. **Rohades I**, 2018 WL 3748675 at *2; **see Carmen Enters., Inc. v. Murpenter, LLC**, 185 A.3d 380, 389 (Pa. Super. 2018) (stating, a "trial court has an obligation to comply scrupulously, meticulously, and completely with an order of the appellate court remanding a case to the trial court. The trial court is required to strictly comply with the mandate of the appellate court." (citations omitted and formatting altered)). We add that the PCRA evidentiary hearing was also not transcribed, which inhibits appellate review. We are therefore, once again constrained to remand to the PCRA court, which "shall then render the necessary findings of fact and conclusions of law with respect to" Appellant's Rule 600 claim. **Rohades I**, 2018 WL 3748675 at *2.

Order vacated. Case remanded with instructions.[6] Jurisdiction relinquished.

_____

[6] Because the records do not include the orders formally granting Attorney Wolfe's petition to withdraw and the records do not reflect the PCRA court's independent review of the record, Attorney Wolfe remains counsel of record. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). We note that the appeal inventories transmitted to this Court state that counsel was granted leave to withdraw. We also order the PCRA court to transcribe the December 4, 2018 PCRA evidentiary hearing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/27/2020</u>